[Crim. No. 33996. Second Dist., Div. Five. Mar. 31, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY PUNCHARD, Defendant and Appellant.

**COUNSEL**

Anthony J. Despol, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Defendant was charged with and initially pled not guilty to three counts of receiving stolen property, a violation of Penal Code, section 496.

Defendant's suppression motion (Pen. Code, § 1538.5) or, in the alternative, to traverse and quash the search warrant was denied.

Defendant withdrew his plea of not guilty to count I and, after proper rearraignment, entered a guilty plea thereto.[1] Counts II and III were dismissed.

The record shows that a preliminary hearing was set for March 9, 1978, and at that time Attorney Jefferson appeared representing co-defendant Saunders. It was stated that defendant was in prison and not present, hence a warrant issued as to him. Motions to traverse the warrant and a section 1538.5 motion on behalf of Saunders were heard on March 17 and denied. The actual preliminary hearing was held on April 6 with Jefferson representing Saunders and defendant, both defendants being present. Defendants were held to answer. On May 25, in the superior court, Jefferson appeared with codefendant Saunders, and Herzog, deputy public defender, for defendant. Both defendants were present. A section 1538.5 motion was then posed and continued to July 24 with proper waiver by all parties.

On August 2 all parties appeared and the section 1538.5 motion was reset for hearing on August 7; on that date the motion to traverse the warrant was again raised and continued to August 9, at which time, following a full hearing, the motions were denied and a trial date set.

This appeal follows the denial of the section 1538.5 motion and the entry of the guilty plea.

### The Facts

Officer Langer of the Beverly Hills Police Department received a Western Airlines shipping box from an airline's freight person at the airline's Los Angeles International Airport office. The box was being shipped to Seattle and it contained a mink bedspread, some clothing and several items of jewelry with price tags on them. He also received the box's shipping tag and a letter written by Veronica Saunders to the recipient of the box. The bedspread had been stolen from Bijan's in Beverly Hills some four months' previously.

Other officers from the Los Angeles Police Department were present when Langer received the box, et al. These officers knew of defendant

---

[1]The admission was to the receiving of a stolen mink bedspread, and this constituted the foundation of count I; counts II and III were bottomed upon items recovered during the searches conducted pursuant to a search warrant.

as a burglar and knew his place of business and residence. They had observed defendant and Saunders enter both locations.

Based upon this information, Langer prepared an affidavit for a search warrant for both locations. The search was to be for the mink bedspread,[2] a man's three-quarter length black leather mink-lined jacket, a cigarette lighter, a gold chain and a man's suit. The warrant was issued and served at defendant's home address. Saunders answered the door on Langer's demand. The search did not produce the stated items; however, a stolen television set and 20 Wilger suits were found.

Defendant raises, as an issue, his right to be present at all stages of the proceedings, claiming he was not present at the commencement of the preliminary hearing. There is no merit to this claim. The court proceeded to hear two motions solely as they related to the codefendant. Defendant was present at all times during the actual preliminary hearing. Defendant claims he should have had separate counsel at all times. Defendant and codefendant were apprised of the potential conflict of interest in Mr. Jefferson representing them both and each waived any right to separate counsel at the arraignment and, so far as the preliminary was concerned. Subsequently, defendant was separately represented by the public defender and suffered no conceivable prejudice. (See *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

Defendant contends that the affidavit fails to support the issuance of a search warrant. Since the two counts which were founded upon allegedly stolen articles recovered through the execution of the search warrant were dismissed, the contention fails, for it is moot.

■ It is argued that, if the court erred in failing to suppress the items constituting the foundation of counts II and III, the plea as to count I must be reversed, citing *People* v. *Rios* (1976) 16 Cal.3d 351 [128 Cal.Rptr. 5, 546 P.2d 293] and *People* v. *Hill* (1974) 12 Cal.3d 731 [117 Cal.Rptr. 393, 528 P.2d 1]. We conclude that neither of the cited cases deal with the problem before us. In each case—*Rios* and *Hill*—the evidence which was held should have been excluded was not "...unconnected to the murder or would be irrelevant to the prosecution's case against defendants. Indeed, the opposite conclusion seems

---

[2]At least the mink bedspread was known not to be at either location mentioned in the affidavit and the search warrant for it was in the possession of the affiant-officer.

unavoidable." (*People* v. *Hill, supra*, p. 767, fn. 36.)[3] In each of these cases, the product of the illegal search was part and parcel of the crime charged and to which defendant entered his plea through the bargaining process. This is not our case! Here defendant entered his guilty plea to the count involving the bedspread. The bedspread was the result of the search by the air freight person. Only counts II and III involved items found during the search authorized by a faulty warrant; those counts were dismissed.

Because of the complete severability of the count pled to from those which were contaminated, we hold that the harmless error rule would be applicable and that here defendant pled guilty to a count to which there appears no conceivable defense and to which the error in failing to suppress had no connection and no effect.[4]

Defendant forwent the risk of conviction under counts II and III by pleading guilty to count I. He is presumed to have been aware of the possible defense to counts II and III, and recognized his claim of error in the court's failure to suppress the evidence. Yet he chose to forego the risks of asserting such defense as he may have had. Rather, defendant chose to seek a *certain* dismissal of counts II and III by bargaining away his right to contest count I.

Nor is the matter one of pure gamesmanship; defendant was thoroughly apprised that in bargaining away his right to contest count I, he was unequivocably admitting that he did in fact commit the crime charged.

---

[3]In *Rios* something less than one-third of the total contraband recovered was concededly the result of the "plain view" doctrine and not subject to the suppression resulting from the illegal search. In footnote 6, page 359, of that case, the court said: "We note that the contraband seized in plain view on the top of the small storage space included both barbiturates and marijuana, possession for sale of which was charged in counts II and III respectively. . . . We express no opinion, however, that the items so seized, *without the contraband illegaly seized* in the subsequent warrantless search, would necessarily support the charges of counts II and III." (Italics added.) We add that count I, to which defendant entered his plea was for possession for sale of amphetamine sulfate, some of which had been the product of the illegal search.

[4]". . .After the exclusion of certain items of evidence, the prosecution's case may continue to appear invulnerable to an appellate court which necessarily can look only to the strength of competent evidence indicative of the accused's guilt. However, the defendant may have or believe he has means of impeaching, discrediting or casting doubt on such evidence, *and the items excluded on appeal might be the very ones which posed the most difficult strategic problems for the defendant.* Only the accused and his counsel are aware of what favorable evidence is available to them." (*People* v. *Hill, supra*, 12 Cal.2d at p. 768. Italics added.)

He cannot now reasonably challenge the validity of his bargain and his plea by pointing to the possible defenses he might have asserted as to the dismissed counts. Defendant knowingly and willingly forwent such defense and cannot raise them now.

 The remainder of defendant's argument on appeal centers on the claimed illegality of the search of the concerned package for shipment via air freight. While we recognize the cases cited by defendant, particularly *United States* v. *Chadwick* (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476] and *People* v. *Zelinski* (1979) 24 Cal.3d 357 [155 Cal.Rptr. 575, 594 P.2d 100], are subsequent to *People* v. *McKinnon* (1972) 7 Cal.3d 899 [103 Cal.Rptr. 897], we conclude that the rule stated in *McKinnon, supra*, is controlling, i.e., the air freight agent acted as a private person and therefore there was no reason to suppress the exposed stolen article. The cases of *United States* v. *Gumerlock* (9th Cir. 1979) 590 F.2d 794 and *United States* v. *Fannon* (9th Cir. 1979) 590 F.2d 794, confirm with full analysis, our conclusion, making repetition unnecessary here.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1980.